# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# NORTHERN DIVISION

| | |
|---|---|
| DION WHITE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOANN LABELLE, Nurse, JAMES FOSTER, Jail Administrator, and ROBERTS COUNTY JAIL,<br><br>　　　　　Defendants. | 1:22-CV-01007-CBK<br><br>ORDER |

　　　Plaintiff, a pretrial detainee at the Codington County Jail in Watertown, South Dakota, filed a pro se complaint contending that defendants LaBelle and Roberts County Jail denied giving him his prescribed medication, in violation of the Eighth Amendment. He filed another complaint wherein he added James Foster as an additional defendant. The filing was construed as a motion to add party pursuant to Fed. R. Civ. P. 21 and the motion was granted.

　　　Defendant Roberts County Jail filed a motion to dismiss for failure to state a claim. In response, plaintiff filed a motion to dismiss defendant Roberts County Jail. The motions should be granted.

　　　Plaintiff has filed a motion to amend the complaint. He has failed to comply with D.S.D. LR 15.1. The motion should be denied.

　　　Plaintiff has filed a motion for the appointment of counsel. "Pro se litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). The district courts are authorized, under certain circumstances, to appoint counsel to indigent pro se litigants who state a non-frivolous claim. 28 U.S.C. § 1915(e). The United States Court of Appeals for the Eighth Circuit has held:

> "[A]n indigent pro se prison litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary." *Reynolds v. Foree*, 771 F.2d 1179, 1181 (8th Cir.1985) (*per curiam*). The district court should determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir.1984).

Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986).

> Although factual complexity is certainly a relevant factor for a district court to consider in determining an indigent litigant's need for appointment of counsel, it is not the only factor. We believe that in addition to factual complexity, the district court should also consider the ability of an indigent to investigate the facts, the existence of conflicting testimony, the ability of an indigent to present his claim, and the complexity of the legal issues. These factors are "by no means an exclusive checklist," and the weight to be given any one factor will vary with the case.

Johnson v. Williams, 788 F.2d at 1322-23 (internal citations omitted).

The case is not factually complex. Discovery is also not complex in this case. Appointment of counsel is not necessary at this time.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 18, and defendant's motion, Doc. 14, to dismiss defendant Roberts County Jail are granted.

2. Plaintiff's motion, Doc. 20, to amend the complaint is denied.

3. Plaintiff's motion, Doc. 19, to appoint counsel is denied.

Dated this 1st day of December, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge