UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
JAN 10 2023

| | |
|---|---|
| DION WHITE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOANN LABELLE, Nurse, and JAMES FOSTER, Jail Administrator,<br><br>　　　　　　Defendants. | 1:22-CV-01007-CBK<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff is a pretrial detainee at the Codington County Jail in Watertown, South Dakota. He filed a *pro se* complaint against defendant LaBelle and the Roberts County Jail alleging that he was prescribed hydrocodone for chronic back pain due to bulging and herniated discs, that Nurse LaBelle denied giving plaintiff his prescribed medication, and that denial of his prescribed medication was in violation of the Eighth Amendment, quoting Estelle v. Gamble, 429 U.S. 97. I conducted an initial review of the complaint and determined that, construing plaintiff's complaint liberally, plaintiff's complaint claims defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution.

    Prior to service of the complaint, plaintiff filed a purported amended complaint which I construed as a motion to add defendant Foster as a party defendant. I granted the motion to add party and allowed the amended complaint naming all three defendants. Following service of the amended complaint, defendant LaBelle and Foster filed an answer and defendant Roberts County Jail filed a motion to dismiss. Plaintiff voluntarily dismissed defendant Roberts County Jail.

Plaintiff has filed a second motion to amend the complaint. Defendants contend the amended complaint would be subject to dismissal for failure to state a claim and the amended complaint should be rejected.

In plaintiff's original complaint against defendant LaBelle and the amendment filed in conjunction with the addition of defendant Foster, plaintiff claimed that defendants violated his rights under the Eighth Amendment, applicable to pretrial detainees under the 14th Amendment, by deliberate indifference to his medical need for his prescribed pain medication. Although plaintiff set forth on the Civil Rights Complaint by a Prisoner, form DSD 01-11, that he was alleging two counts, his claims under both counts were the same. In the present proposed amended complaint, also filed on the civil rights complaint form, plaintiff restated his claim that defendant LaBelle violated his rights under the Eighth and 14th Amendments by failing and refusing to give plaintiff his prescribed pain medication. Plaintiff more clearly asserted that defendant Foster violated plaintiff's rights by creating and maintaining oppressive policies that resulted in the constitutional violations alleged.

Defendants contend that plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted as to Estelle v. Gamble deliberate indifference claims. Defendants did not move to dismiss such claims in the original complaint but instead filed an answer to those claims. I found, upon initial review, that the initial *pro se* pleadings did plausibly allege such claims and I find that the proposed amended complaint alleges such claims. I reject any attempt by defendants to now seek dismissal of such claims when they have already answered such claims.

Plaintiff purports to add an additional claim stating that, under the 14th Amendment, no person may "deny to any person . . . equal protection." Other than the title of this new claim, there are no new allegations as to defendants' acts or omissions toward plaintiff. Plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (internal quotations removed). Even under a liberal construction, plaintiff has failed to allege an equal

protection claim in his requested second amended complaint. Plaintiff nowhere alleges that he was a member of a protected class and was treated differently than a similarly situated pretrial detainee. *See* Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003); Murphy v. Missouri Dep't of Corr., 372 F.3d 979, 984 (8th Cir. 2004).

Plaintiff purports to add an additional claim titled "Badmen Clause." He contends that defendants inflicted pain and suffering to an "Indian of a signatory Treaty Tribe" in "Indian Country on a (sic) Indian Reservation." The "Bad Men Clause," or clauses, of the 1868 Treaty of Ft. Laramie, Art. I, provide:

> If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the commissioner of Indian affairs at Washington city, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also reimburse the injured person for the loss sustained.
>
> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws. And in case they wilfully refuse so to do, the person injured shall be reimbursed for his loss from the annuities or other moneys due or to become due to them under this or other treaties made with the United States. And the president, on advising with the commissioner of Indian affairs, shall prescribe rules and regulations for ascertaining damages under the provisions of this article as in his judgment may be proper. But no one sustaining loss while violating the provisions of this treaty or the laws of the United States shall be reimbursed therefor.

Plaintiff has failed to state a claim under the Ft. Laramie Treaty. That treaty was entered into between the United States and various Indian Tribes. Reimbursement to an Indian requires that some person under the authority of the United States committed a criminal act against an Indian. Plaintiff's proposed amended complaint nowhere alleges that plaintiff is an Indian, that any defendant was acting under federal authority, or that any defendant committed a criminal act. Further, any claims against the federal government must be adjudicated in the Court of Claims.

Plaintiff's motion to amend his complaint should be denied with one limited exception. His original complaint and the amended complaint adding defendant Foster sufficiently allege that defendants were deliberately indifferent to his serious medical need to receive his prescribed pain medication. His proposed amended complaint alleges that defendant Foster violated plaintiff's rights by creating and maintaining oppressive policies that resulted in Foster's deliberate indifference. Such claim will be allowed.

The proposed amended complaint's Equal Protection and Bad Men Clause claims fail to state a claim. "District courts can deny motions to amend when there are compelling reasons such as futility of the amendment." Silva v. Metro. Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014). "Some examples of futile claims are ones that are duplicative or frivolous or claims that could not withstand a motion to dismiss under Rule 12(b)(6)." Id. (cleaned up).

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 26, to amend complaint is granted in part and denied in part.

2. Pages eight and nine of Doc. 26 shall be filed by the Clerk of Courts as a supplement to the complaint. No answer is required by defendants as to this supplement.

3. In all other respects, plaintiff's motion to amend complaint is denied.

DATED this 4th day of January, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge