UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DION WHITE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOANN LABELLE, nurse, and JAMES FOSTER, jail administrator,<br><br>　　　　　Defendants. | 1:22-CV-01007-CBK<br><br><br>ORDER |

Plaintiff Instituted this suit on June 8, 2022, pursuant to 42 U.S.C. § 1983, contending that, on May 27, 2022, while he was a pre-trial detainee at the Roberts County Jail, in Sisseton, South Dakota, defendants were deliberately indifferent to his serious medical needs when they denied him his prescribed medication for hydrocodone. Defendants have filed a motion for summary judgment.

**DECISION**

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Johnson v. Schulte Hosp. Grp., Inc., 66 F.4th 1110, 1113–14 (8th Cir. 2023) (quoting Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)), Fed. R. Civ. P. 56(c)(2).

The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

> The party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553. Such a showing shifts to the non-movant the burden to go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d (1986). The non-movant "must show there is sufficient evidence to support a jury verdict in [its] favor." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). "Factual disputes that are irrelevant or unnecessary will not be counted," *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, and a mere scintilla of evidence supporting the nonmovant's position will not fulfill the non-movant's burden, *id.* at 252, 106 S.Ct. 2505.

Uhiren v. Bristol-Myers Squibb Co., Inc., 346 F.3d 824, 827 (8th Cir. 2003). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law. "Grey v. City of Oak Grove, Mo., 396 F.3d 1031, 1034 (8th Cir. 2005).

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995). The evidence must be considered in the light most favorable to the nonmoving party and all reasonable inferences must be resolved in that party's favor. Northern Bottling Co., Inc. v. Pepsico, Inc., 5 F.4th 917, 922 (8th Cir. 2021).

In accordance with Rule 56(c), the party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553. Upon such a showing, the burden shifts to the non-movant to present affirmative evidence, beyond the pleadings, showing that a genuine issue of material fact exists. Anderson, 477 U.S. at 256–57, 106 S. Ct. at 2514. After this exercise, "we view the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party." Northport Health Servs. of Arkansas, LLC v. Posey, 930 F.3d 1027, 1030 (8th Cir. 2019).

Defendants assert that they are entitled to qualified immunity from damages. "Qualified immunity shields public officials from liability for civil damages if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Thurmond v. Andrews, 972 F.3d 1007, 1011 (8th Cir. 2020) (*quoting* Dillard v. O'Kelley, 961 F.3d 1048, 1052 (8th Cir. 2020) (*en banc*) (internal quotation marks omitted)). The test for qualified immunity has two parts: (1) "whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation." Ehlers v. City of Rapid City, 846 F.3d 1002, 1008 (8th Cir. 2016) (*quoting* Jones v. McNeese, 675 F.3d 1158, 1161 (8th Cir. 2012)). The Court may analyze the two prongs of qualified immunity in either order. Thurmond, 972 F.3d at 1011. A "clearly established right is one that is sufficiently clear that every reasonable official would have understood what he is doing violates that right." Dillard, 961 F.3d at 1052 (*quoting* Mullenix v. Luna, 577 U.S. 7, 11 (2015)). The Court does not "define clearly established law at a high level of generality." Id. at 1052 (*quoting* Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018)). "Rather, we look for a controlling case or a robust consensus of cases of persuasive authority. There need not be a prior case directly on point, but 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Id. (*quoting* Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)).

Plaintiff contends that defendants were deliberately indifferent to his constitutional right to adequate medical care. Plaintiff was a pretrial detainee at the time of the alleged

3

constitutional violation. "A pretrial detainee's deliberate indifference claim is governed by the Fourteenth Amendment, which extends to detainees at least the same protections that convicted prisoners receive under the Eighth Amendment." Smith-Dandridge v. Geanolous, ___ F. 4th ___, ___, 2024 WL 1337460, at *3 (8th Cir. Mar. 29, 2024) (*quoting* Perry v. Adams, 993 F.3d 584, 587 (8th Cir. 2021)). "It is clear that a pretrial detainee has a constitutional right to adequate medical care while in custody." Presson v. Reed, 65 F.4th 357, 365–66 (8th Cir. 2023) (*quoting* Dadd v. Anoka County, 827 F.3d 749, 756 (8th Cir. 2016)).

Defendants do contest that plaintiff was entitled to adequate medical care. There is no doubt that the right to have access to prescribed medications is clearly established. It has long been the law in the Eighth Circuit that deliberate indifference may include intentionally interfering with treatment or medication that has been prescribed. Krout v. Goemmer, 583 F.3d 557, 567 (8th Cir. 2009). Knowing failure to administer prescribed medication constitutes deliberate indifference even if the refusal to administer prescribed medication is based upon detention center policy. Presson v. Reed, 65 F.4th at 368.

Having established under Eighth Amendment and qualified immunity analysis that plaintiff had a constitutional right to adequate medical care, including to his prescribed medications, the remaining questions as to qualified immunity and as to plaintiff's deliberate indifference claim are the same. Plaintiff must demonstrate that he had an objectively serious medical need and defendants knew of his need but deliberately disregarded such need. Smith-Dandridge v. Geanolous, *supra*.

The facts in this case are undisputed. Defendants set forth their statement of undisputed material fact. Plaintiff did not contest those claimed facts but instead asserted that defendants' statement was not separately numbered as required. This claim is false. Defendants' statement of facts is in compliance with Fed. R. Civ. P. 56(c) and D.S.D. LR 56.1(A). Plaintiff, as opposing party, was not required to respond to the statement of facts, but failure to controvert the moving party's statement of material facts allows the Court to consider the facts undisputed. Fed. R. Civ. P. 56(e)(2).

4

The undisputed facts show that plaintiff was held at the Roberts County Jail beginning January 28, 2022. He was transferred from the South Dakota State Penitentiary, along with his South Dakota Department of Health – Correctional Care Discharge Summary. That summary listed plaintiff's then-prescribed medications but did not list hydrocodone. On May 26, 2022, plaintiff was taken to the Indian Health Services in Sisseton, South Dakota and was seen by a physician for pain management. The physician completed a "Treatment Plan" and provided it to the Roberts County Jail. That plan included medications but did not include hydrocodone. When defendant LaBelle picked up plaintiff's prescriptions from the IHS pharmacy, a prescription for hydrocodone was among the drugs provided by the pharmacy. Because hydrocodone was not part of the physicians' treatment plan, nurse LaBelle contacted jail administrator Foster to explain the discrepancy. Defendant Foster contacted the physician to clear up the discrepancy. The physician informed defendant Foster that, if hydrocodone was not listed on the treatment plan prepared for the plaintiff, plaintiff did not need the medication. Relying upon the physician's directions, hydrocodone was not given to the plaintiff. Plaintiff received follow-up care with the IHS physician on June 28, 2022, and with a physician at Coteau des Prairies (a health care system in Sisseton, South Dakota) on July 14, 2022, and on August 10, 2022. At the latter appointment, the physician prescribed hydrocodone. Plaintiff was provided all medications that were prescribed and part of his physicians' treatment plans.

Assuming that plaintiff suffered from an objectively serious medical need for pain management, there is no genuine issue of material fact that plaintiff was provided medical care, including prescribed medications. Defendants were entitled to rely upon medical professionals regarding the medications required to treat plaintiff's condition. Smith v. Lisenbe, 73 F.4th 596, 600 (8th Cir. 2023).

Defendants are entitled to summary judgment as a matter of law on plaintiff's deliberate indifference claim and their claim for qualified immunity.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Defendants' motion, Doc. 43, for summary judgment is granted.

2. Plaintiff's motion, Doc. 55, to strike or deny defendants' motion for summary judgment is denied.

3. This matter is dismissed with prejudice and without costs.

Dated this 9th day of April, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge